IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETE ROMERO,

      Plaintiff,

    v.                                               Civil No. 17-00517 WJ-SCY

CIRCLE K STORES, INC., JAMES
GROGAN, MARK STANNEBEIN,
SAMUEL WILSON, and JOHN DOES I-X,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand, filed May 18, 2017 (**Doc. 7**). Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motion is well-taken and, therefore, is granted.

BACKGROUND

This is a personal injury case. Plaintiff Pete Romero was an employee of Defendant Circle K Stores, Inc. ("Circle K" or "Defendant" for purposes of this opinion) and was stabbed on or about March 30, 2014 by two unknown male suspects when he attempted to block their exit from the store after they stole an 18-pack of Corona beer. After the criminals fled the store, Plaintiff realized he had been stabbed multiple times and sustained injuries which resulted in internal bleeding that required surgery and subsequent surgical procedures. Plaintiff alleges that he continues to suffer long-term effects from the attack.

Plaintiff filed this lawsuit in the First Judicial District Court, County of Santa Fe on March 27, 2017, and Defendants removed the case to federal court on May 3, 2017 on the basis

of diversity of citizenship. Doc. 1 at 2-3.  In Count I of the complaint, Plaintiff alleges that Circle K deliberately chose not to provide adequate security and training, placing him in an inherently dangerous situation where it was expected he would be a crime victim and suffer harm or death. Doc. 1-2.[1]  In Count II, Plaintiff claims Circle K disposed of or destroyed relevant evidence material to Plaintiff's claims. *Id.*  In Count III, Plaintiff seeks compensatory and punitive damages.

According to the Notice of Removal (Doc. 1), Plaintiff alleges that Circle K is a non-resident, for-profit corporation operating convenience stores in New Mexico.  In the notice, Defendant further certifies that Circle K is a Texas corporation with its principal place of business in Tempe, Arizona. Circle K is a citizen of a state other than New Mexico.  The dispute here is whether the individual Circle K employees and the John Doe Defendants are proper Defendants.  Since these individual defendants are alleged to be residents of Albuquerque, New Mexico, their presence in this case would ordinarily destroy diversity.  However, Defendant claims that they are not proper parties to this lawsuit because Plaintiff has not asserted any claim against them and their residences in New Mexico should not be considered when evaluating diversity of citizenship.

## DISCUSSION

The question before the Court here is whether Plaintiff has fraudulently joined these individual defendants in order to deprive Circle K of the right to have this litigated in federal

---

[1] The specific legal theory underlying Count I is not clear.  It is captioned as "Willful and Intentional Misconduct" by Circle K, but at the same time the language in Count I alludes to Circle K's "breach of duty."  Doc. 1-2, ¶¶93-94. However, the Court declines to construe the pleadings because Plaintiff is not proceeding pro se, but is represented by counsel.  The only issue before the Court here is whether the case should be remanded to state court.  The Court is similarly baffled with the description of the instant motion by Plaintiff's counsel as a "Response in Opposition to Defendant's Notice of Removal and Plaintiff's Motion to Remand," since the Court is not aware of any requirement to file a "response" to a Notice of Removal.

court. Plaintiff also challenges Defendants' contention that the amount-in-controversy is met for diversity jurisdiction.

## I.     Legal Standard

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982); *Martin v. Franklin Capital Corp.,* 251 F.3d 1283, 1290 (10th Cir. 2001). Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand.

Subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. However, fraudulent joinder is an exception to the requirement of complete diversity. *Black Iron, LLC v. Helm-Pacific*, 2017 WL 2623846, at *4 (D.Utah, 2017). The joinder of a non-diverse party is "fraudulent" when it serves no purpose other than "to frustrate federal jurisdiction."[4] *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a non-diverse party fraudulently to defeat federal jurisdiction. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.1991). The citizenship of fraudulently joined defendants "should be ignored for the purposes of assessing complete diversity." *See Dutcher v. Matheson*, 733 F.3d 980, 987-988 (10th Cir. 2013).

The Tenth Circuit has stated that fraudulent joinder must be "established with complete certainty upon undisputed evidence." *Smoot v. Chicago, Rock Island & Pacific Railroad Co.*, 378 F.2d 879 (10th Cir.1967). In evaluating a claim of fraudulent joinder, "all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

3

In other words, the removing party "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *See Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). This is a high bar for Defendants to meet, and poses a standard "more exacting than that for dismissing a claim under Fed.R..Civ.P. 12(b)(6)" and "which entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano v. Allstate Indemnity,* 2000 WL 525592 at \*\*1-2 (10th Cir. 2000).[2]

The party defending removal may carry this "heavy burden" and successfully assert fraudulent joinder by demonstrating either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013); *Black Iron, LLC v. Helm-Pacific*, 2017 WL 2623846, at \*4 (D.Utah, 2017); *see also Montano v. Allstate,* 2000 WL 525592 at \*\*1-2 (to prove fraudulent joinder, the removing party must demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court).

A fraudulent joinder analysis is a jurisdictional inquiry and therefore a district court should "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available," *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir.1964) (citations omitted); *Albert v. Smith's Food & Drug Centers, Inc.* 356 F.3d 1242, 1247 (10th Cir. 2004)(fraudulent joinder analysis is a jurisdictional inquiry); *Smoot,* 378 F.2d at 882 (federal

---

[2] Many district courts within the Tenth Circuit have referred to the standard for fraudulent joinder as requiring clear and convincing evidence. *See Bristow First Assembly of God v. BP p.l.c.*, No. 15-CV-523-TCK-FHM, 2016 WL 5415792, at \*2 n.1 (N.D. Okla. Sept. 28, 2016) (finding "no significant difference between the 'complete certainty' language in *Smoot* and the 'clear and convincing' language in other cases); *Spence v. Flynt*, 647 F.Supp. 1266, 1271 (D. Wyo.1986); *Castens v. Conseco Life Ins. Co.*, No. 11–CV–628–TCK, 2012 WL 610001, at \*2 (N.D. Okla. Feb. 24, 2012); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1163 (D.N.M. 2015).

courts may look beyond the pleadings to determine if joinder is fraudulent); *see also De La Rosa v. Reliable, Inc*., 113 F.Supp.3d at 1151.

## II.     Analysis

### A.     Fraudulent Joinder

Defendants' argument for fraudulent joinder focuses on the inability of the plaintiff to establish a cause of action against the individual defendants under state law.   *See Smoot,* 378 F.2d at 882.

As stated in the complaint, Defendant James Grogan was the manager of Circle K; and Mark Stannebein and Samuel Wilson were Assistant Managers.  Doc. 1-2, ¶¶3-6.  Counts I and II mention Circle K but none of these individual defendants, including the John Doe defendants.  However, the complaint does contain an allegation that:

> Plaintiff Pete Romero had previously complained to one of the Circle K managers, Defendant James Grogan "on more than one occasion that he felt unsafe working at Store 1447 because of the high crime in the area, and questioned Mr. Grogan as to why circle K did not hire security to guard Store 1447 during graveyard shifts.

Doc. 1-2, ¶28.   Even though this assertion is contained in the fact section of the complaint and not in either of the counts, one cannot say that there is *no* possibility that Plaintiff can establish a cause of action against Defendant Grogan for the conduct alleged in the complaint.  Nor is there complete certainty, based on undisputed evidence, that Plaintiff has no legal claim against Grogan under any of the alleged theories in the complaint.  As a Circle K manager who had notice of the unsafe conditions by Plaintiff, Defendant Grogan could be liable to Plaintiff for failure to address these security concerns.   This one claim against one of the non-diverse defendants is sufficient to defeat diversity jurisdiction.  *See McPhail v. Deere & Co*., 529 F.3d 947, 951 (10th Cir. 2008) (under 28 U.S.C. § 1332(a), the citizenship of *all* defendants must be different from the citizenship of all plaintiffs) (emphasis added); *Carden v. Arkoma Associates*,

494 U. S. 185, 187 (1990) (diversity statute requires complete diversity of citizenship). Thus, Defendants have not satisfied their heavy burden of establishing fraudulent joinder, and as a result, there cannot be federal diversity jurisdiction in this court.

B.  Amount in Controversy

In addition, Plaintiff challenges Defendant's argument that the amount-in-controversy requirement has been met, claiming that Defendant has not offered independent facts to support that argument. Doc. 7 at 11. However, the Court need not delve into this challenge further, since federal jurisdiction does not exist because of a lack of complete diversity alone. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995) (requiring *both* the requisite amount in controversy and the existence of diversity on the face of either the complaint or the removal notice for purposes of diversity jurisdiction) (emphasis added).[3]

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand, **(Doc. 7)** is hereby **GRANTED** for reasons described in this Memorandum Opinion and Order and that this action is **REMANDED** to the First Judicial District Court, County of Santa Fe, State of New Mexico. The Clerk of Court is hereby directed to take the necessary actions to remand the case.

UNITED STATES DISTRICT JUDGE

---

[3] However, the Court cannot resist noting that Plaintiff relies on an incorrect standard for the amount-in-controversy requirement. According to recent United States Supreme Court precedent, a defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547 (2014). A defendant is required to submit evidence establishing the amount "only when the plaintiff contests, or the court questions" the defendant's allegation." *Id*.